UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERYLE R. SISSOM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 07-CV-330-FHM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff, Cheryle R. Sissom, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir.

---

[1] Plaintiff's March 30, 2004 applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held April 24, 2006. By decision dated July 26, 2006, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on April 23, 2007. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was 36 years old at the time of the hearing. [R. 947]. She claims to have been unable to work since December 1, 1999, due to severe mental impairments of mood disorder, depression, bi-polar disorder with psychotic features and borderline personality disorder as well as physical impairments of neck and back pain. [Plaintiff's Briefs Dkts. 17, 19; R. 948]. The ALJ determined that Plaintiff has severe impairments consisting of degenerative joint disease with pain in the right knee and swelling of the right hand; degenerative disc disease with two ruptured discs in the cervical spine and back pain; headaches; and hepatitis resulting in pain in the rib cage, fatigue, and depression. [R. 15]. Despite these impairments, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand 4 hours in an 8-hour work day; walk 1 hour in an 8-hour workday; sit for 4 to 5 hours in an 8-hour day; occasionally bend, squat, climb stairs, push and/or pull, manipulate with fingers, operate foot controls and reach with her left upper extremity; understand, remember and carry out simple, but not detailed instructions under routine supervision; and relate to coworkers and supervisors for work purposes but cannot relate effectively to the general public. [R. 16]. He determined that Plaintiff's RFC did not preclude returning to her past relevant work (PRW) as a bindery worker and assembly worker. [R. 18]. Based upon the testimony of a

2

Vocational Expert (VE), the ALJ also determined Plaintiff could perform a significant number of other jobs available in the economy. [R. 19]. He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 20]. The case was thus decided at step four, with an alternative finding at step five, of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff first asserts the ALJ failed to perform a proper determination at steps four and five because he did not inquire about the compatibility between the VE's testimony and the DOT and that the hypothetical given to the VE at the hearing did not contain all Plaintiff's impairments. Plaintiff's second allegation of error is that the ALJ's step two determination was improper because he failed to include her personality disorder as a severe impairment. Her third allegation of error relates to the ALJ's paragraph B determination[2] and her fourth allegation is that the ALJ's credibility determination was improper. Because the Court finds reversible error was committed by the ALJ in his consideration of the evidence at step two, only Plaintiff's second allegation of error is addressed herein.

The ALJ's decision was issued July 26, 2006. [R. 13-20]. On October 5, 2006, the Tenth Circuit published *Salazar v. Barnhart*, 468 F.3d 615 (10th Cir. 2006). The

---

[2] Evaluation on the basis of mental disorders requires consideration of functional limitations described on paragraphs B and C of the adult mental listings (except 12.05 and 12.09) after the presence of a particular mental disorder is substantiated under paragraph A. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A). To be deemed disabling, at least two of the following specified limitations must be established: 1) marked restriction of activities of daily living; or 2) marked deficiencies in maintaining social functioning; or 3) marked deficiencies in maintaining concentration, persistence or pace; or 4) repeated episodes of decompensation, each of extended duration. *id.*, §§ 12.01, et seq.

*Salazar* court held that the ALJ's failure to consider the claimant's borderline personality disorder was error. The court found this failure to be particularly troublesome because the condition "may account for [claimant's] abuse of drugs and alcohol, as well as her suicidal conduct and self-mutilation." *Id.* at 622. The court said:

> Borderline personality disorder is marked by at least five of the following symptoms:(1) [I]mpulsiveness in, inter alia, substance abuse; (2) instability of mood, interpersonal relationships and self-image; (3) sieges of depression, irritability and anxiety; (4) lack of anger control and recurrent physical fights; (5) threats of suicide and attempts at self-mutilation; (6) uncertainty about career or long-term goals; and (7) persistent feeling of boredom or emptiness.

*Id.* (citing *McGoffin v. Barnhart*, 288 F.3d 1248, 1250 n.2 (10th Cir. 2002); 2 J.E. Schmidt, Attorneys' Dictionary of Medicine (LexisNexis) (additional internal citations omitted)). The *Salazar* court recognized that borderline personality disorder often co-occurs with mood disorders and, when criteria for both are met, both may be diagnosed. The court found, therefore, that the ALJ's failure to consider the claimant's borderline personality disorder, singly and in combination with her other impairments, required reversal. *Id.*

Like the claimant in the *Salazar* case, Plaintiff was repeatedly and consistently diagnosed with and treated for borderline personality disorder in addition to diagnoses of mood disorder, depression and substance abuse. [R. 104-117, 119-123, 143-149, 198, 124-133, 150-186, 134, 135-137, 307-411, 446, 448, 621-625, 643, 648, 650, 664-667, 784, 800-801, 838-841,[3] 864-867,[4] 891]. And, like the ALJ in the *Salazar* case, the

---

[3] These records are from 1993 and were not included the record before the ALJ at the time of his decision. However, they were presented to the Appeals Council and pursuant to *O'Dell v. Shalala*, 44 F.3d 855, 858- 59 (10th Cir.1994) are part of the administrative record which must be considered (continued...)

ALJ in the instant case failed to address this evidence or to demonstrate that he had considered borderline personality disorder as an impairment.  "[A]n ALJ is required to consider all of the claimant's medically determinable impairments, singly and in combination; the statute and regulations require nothing less" and a failure to do so "is reversible error." *Salazar*, 468 F.3d at 621.  An ALJ "may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir.2001) (quotation omitted); *see also Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir.1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss ... significantly probative evidence he rejects.").  The only discussion of Plaintiff's mental treatment record offered by the ALJ was in relation to his finding that Plaintiff's "symptoms of depression would obviously be exacerbated by her polysubstance abuse." [R. 17].  As the *Salazar* court held, the ALJ was required to consider the diagnostic characteristics of Plaintiff's personality disorder before assessing whether Plaintiff's mental disorders were disabling independent of the effects of Plaintiff's drug use. *Salazar*, 468 F.3d at 623.

In light of the *Salazar* ruling, the Court finds this case must be remanded to the Commissioner to reconsider his step two findings with regard to Plaintiff's claim of a severe mental impairment of Borderline Personality Disorder, singly and in combination with her other impairments. *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004)

---

[3] (...continued) when evaluating the Commissioner's decision for substantial evidence.

[4] These records were generated between the date of the hearing, April 24, 2006 and the ALJ's decision, July 26, 2006, and were also provided to the Appeals Council. [R. 5].

(impairments must be considered singly and in combination in determining whether claimant is disabled). Accordingly, the decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED to the Commissioner for reconsideration.

Dated this 13th day of June, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE